UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

  Plaintiff,

Case No. 11-20353

Honorable John Corbett O'Meara

v.

LASHAWNA CHRISTINA MORGAN and
SHENNELLY TAMEKA FINN,

  Defendants.
                 /

## **OPINION AND ORDER GRANTING MOTION FOR SEVERANCE**

  This matter came before the court on Defendants' September 6, 2011 motion to sever. The government filed a response November 14, 2011. Oral argument was heard November 17, 2011. Defendant Lashawna Morgan filed a supplemental brief March 29, 2012; no response was filed by the government. Trial is set for June 12, 2012.

  The initial motion filed by defendant Finn, in which defendant Morgan joined, alleged that a statement and a text message by defendant Morgan cannot be used against defendant Finn at trial. In Morgan's supplemental brief, she alleges she has since become aware of additional statements that warrant severance.

  In Bruton v. United States, 391 U.S. 123, 137 (1968), the United States Supreme Court held that a defendant's Sixth Amendment right to confront witnesses against him or her is violated when the statement of a non-testifying co-defendant implicating or incriminating the defendant as a participant in the crime is admitted in the joint trial of the defendants.

In this case, the following statement by defendant Morgan is at issue:

> During the interview, Morgan stated she was picked up by Finn to go to Atlanta for some shopping. Morgan stated that she knew 'something was in the car that shouldn't be' but stated she did not know exactly what it was. Morgan states she thought it was 'weed (marijuana)' or money. Morgan stated she would be compensated for her travel to and from Decatur, GA, with clubbing and a shopping spree. Morgan advised his [*sic*] agents that she **knew of a previous trip Finn had taken for 'T' to Georgia,** but was unaware of what Finn transported. Morgan further continued to explain that Morgan **accompanied Finn during the previous trip on March 4, 2010, as well.**

Defendants' Ex. A.

Another issue concerns text messages between Morgan and "Jaddy" regarding "what should we tell immigration we r going." Jaddy had warned Morgan, "Be careful babe I can [can't] lose u." Morgan suggested, "No I was going to say like were going shipping [shopping] . . . ." Id.

In her supplemental brief, Morgan states that pursuant to a Kastigar agreement, defendant Finn told ICE she and Morgan split the cost of renting vehicles to travel across the Canadian border, thereby potentially incriminating Morgan in the alleged drug conspiracy. Furthermore, Morgan may elect to waive her confrontation rights as to statements of certain law enforcement agents in exchange for the opportunity to question the interviewing agents regarding their investigation. However, if the two defendants are tried together, Finn may challenge the admission of this information as a violation of *her* right to confrontation under Crawford v. Washington, 541 U.S. 36 (2004). Therefore, the co-defendants' defense strategies will present a conflict in a joint trial.

The government argues that Defendants have failed to show that they would be highly prejudiced by the government's introduction of these statements. In addition, the government suggests other remedies in lieu of severance, such as redaction or the use of separate juries. Redacting the name "Finn" from the block quote above, however, would not solve the problem, as

the jury may simply assume that the redacted name is that of co-defendant Finn. Also, the court finds that seating separate juries in one courtroom is often logistically difficult. Finally, in light of Morgan's supplemental brief, there are now more than a few statements at issue that would be highly prejudicial to one defendant or the other if Morgan and Finn are tried together. Therefore, the court will grant Defendants' motion to sever.

## **ORDER**

It is hereby **ORDERED** that Defendants' September 6, 2011 motion to sever is **GRANTED.**


                                                             s/John Corbett O'Meara
                                                             United States District Judge
Date: May 7, 2012


I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, May 7, 2012, using the ECF system.


                                                             s/William Barkholz
                                                             Case Manager